IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN K. DELANEY,

                **Plaintiff,**

      v.                                    CASE NO. 19-3221-SAC

JEFF ZMUDA, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

    Plaintiff John K. Delaney, a prisoner currently being held at the El Dorado Correctional Facility in El Dorado, Kansas, brings this *pro se* civil rights action under 42 U.S.C § 1983. He proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

    Mr. Delaney's complaint (ECF No. 6) alleges he was subjected to excessive force during an incident occurring on June 13, 2019. Plaintiff's cellmate, Inmate Booton, was causing a disturbance as a result of not receiving a hot meal. (ECF No. 4, at 1). Booton repeatedly asked for "mental health" then proceeded to fashion a noose out of a sheet, put it around his neck, and tried to choke himself. Corrections Sergeant (CS) Darter responded first. He called for help over the radio indicating an inmate was attempting self-harm. CS Darter then sprayed pepper spray at Booton through the food pass. Response personnel arrived. When Booton failed to respond to an order to come to the cell door to be restrained, an unidentified officer sprayed a large can of pepper

1

spray into the cell, covering the cell with spray. During the incident, Plaintiff alleges he was sitting on the top bunk. Delaney was removed from the cell, "forced" to decontaminate in a hot shower, and seen by a nurse.

Plaintiff further claims he was prevented from completing the administrative remedy process because he did not receive a response to his grievance from the Secretary of Corrections within the time provided by Kansas regulations. He also complains that his personal injury and property claims related to the incident have been ignored.

Plaintiff names as defendants Jeff Zmuda, Secretary of the Kansas Department of Corrections; Sam Cline, Warden; Jarris Perkins, investigator of inmate property-injury claims; Dylan Darter, Corrections Sergeant; Brandon Gregory, Corrections Sergeant; Danny Hornburger, Corrections Officer; and John Does 1-3, Corrections Officers. Mr. Delaney seeks injunctive relief, compensatory damages for physical and emotional injuries, and punitive damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true,

could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  Discussion

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the complaint is subject to summary dismissal under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2) for the following reasons.

#### Count I – Excessive force

Plaintiff alleges Defendants violated his rights under the Eighth Amendment by subjecting him to excessive force.  "[A]n excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999) (internal quotation marks omitted).  "An official has a culpable state of mind if he uses force 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Redmond v. Crowther*, 882 F.3d 927, 936–37 (10th Cir. 2018) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986).

While the use of pepper spray can in some circumstances meet the objective prong of an excessive force claim, Delaney's allegations fail to meet the subjective prong.  The events as described by Plaintiff do not demonstrate that any defendant acted with the subjective intent required to state a claim for the use excessive force *against him*.  Defendants' actions were directed

4

at Inmate Booton, with Plaintiff being no more than an unfortunate bystander.  While Plaintiff's exposure to pepper spray may have been a foreseeable result of Defendants' actions, that is not the standard for an excessive force claim.  The complaint does not show that Defendants maliciously, sadistically, or even intentionally exposed Delaney to pepper spray.  *See Redmond*, 882 F.3d at 937 ("Simply put, because the record demonstrates the prison officials inadvertently exposed the prisoners to gas, they could not have done so with malicious or sadistic intent.").  As a result, Count I is subject to dismissal.

## Count II – Due Process

Plaintiff alleges Defendants Zmuda, Cline, and Perkins violated his right to due process under the Fourteenth Amendment by denying him the ability to seek resolution and compensation via the inmate grievance and claim procedures.  ECF No. 1, at 6.  Delaney claims Defendants have failed to comply with procedures and timeframes set forth in Kansas regulations.

To the extent Plaintiff seeks money damages from Defendants for violating Kansas regulations or other prison policy, such allegations fail to state a federal constitutional violation under § 1983.  "[N]ot every violation of state law or state-mandated procedure is a violation of the Constitution."  *See Massey v. Helman*, 259 F.3d 642, 647 (7th Cir. 2001) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)).  And, insofar as Plaintiff contends that prison officials failed to comply with the prison grievance procedures, he fails to allege the violation of a federal constitutional right.  *Sims v. Miller*, 5 F. App'x 825, 828 (10th Cir. 2001));  *see also Walker v. Mich. Dept. of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005) (unpublished) (collecting cases).  For these reasons, Count II of the complaint is subject to dismissal.

**Personal Participation of Defendants**

Plaintiff claims "the failure of Defendants Zmuda, Cline, and Perkins to take disciplinary action to curb the pattern of physical abuse of inmates" by the other named defendants constituted deliberate indifference to Plaintiff's safety and "proximately caused" the alleged excessive force violation. (ECF No. 1, at 8).

Delaney's conclusory allegations are not sufficient to state an excessive force claim against these three defendants. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff also claims that the "failure of Defendants Zmuda, Cline, and Perkins to comply with the statutory regulations . . . and internal regulations . . . , in their refusal to comply with time

limitations, or return the/resolve the grievance and claims filed by Plaintiff" violates his right to due process.  ECF No. 1, at 8.

The allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation.  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Because Plaintiff has not adequately alleged the personal participation of Defendants Zmuda, Cline, and Perkins in the asserted violations, they are subject to dismissal from this action.

## IV.  Response Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).  Plaintiff is therefore required to show good cause why his complaint should not be dismissed.  Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 3, 2020**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 2nd day of July, 2020, at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge